IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK D. MAILMAN ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| vs. ) | |
| ) | |
| PATIENT ACCOUNTING SERVICE ) | |
| CENTER, LLC d/b/a ACS SYSTEMS, ) | |
| INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

**I. INTRODUCTION**

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**II. JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**III. PARTIES**

4.      Plaintiff Mark D. Mailman is an adult individual residing at 117 Europa Boulevard, Cherry Hill, NJ 08003.

5.      Defendant Patient Accounting Service Center, LLC d/b/a ACS Systems is a

business entity regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 9800 Centre Parkway, Suite 1100, Houston, TX 77036. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. **FACTUAL ALLEGATIONS**

6. At all times pertinent hereto, Defendant was hired by UPHS to collect a debt relating to medical bills that were allegedly originally owed to UPHS (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. On or about October 8, 2004, Defendant wrote and sent to the Plaintiff by U.S. mail a collection or "dunning" letter (hereafter the "10/8/04 Letter") which attempted to coerce Plaintiff into paying the debt. (A true and correct copy of the 10/8/04 Letter is attached hereto as Exhibit "A" and is incorporated herein).

9. In response to the above, on or about October 18, 2004, Plaintiff wrote and sent to the Defendant by U.S. mail a letter (hereafter the "Dispute Letter") which, *inter alia*, disputed the debt. (A true and correct copy of the Dispute Letter is attached hereto as Exhibit "B" and is incorporated herein).

10. On or about November 22, 2004, Defendant wrote and sent to the Plaintiff by U.S. mail a collection or "dunning" letter (hereafter the "11/22/04 Letter") which attempted to coerce Plaintiff into paying the debt. (A true and correct copy of the 11/22/04 Letter is attached hereto as Exhibit "C" and is incorporated herein).

11. To date, Defendant has not provided Plaintiff with verification of the debt.

12. The Defendant acted in a false, deceptive, misleading and unfair manner when it,

notwithstanding Plaintiff's request for verification of the debt, continued in its attempts to collect the debt.

13. The Defendant acted in a false, deceptive, misleading and unfair manner when it failed to provide verification of the debt, as required by 15 U.S.C. § 1692g, following Plaintiff's request to do so.

14. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

17. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### V.  FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. The above contacts by Defendant and disputes by Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

22. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g, as evidenced by the following conduct:

   (a) Failing to provide verification of the debt when asked to do so by Plaintiff; and

   (e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

25. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

## VI.   JURY TRIAL DEMAND

26. Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

FRANCIS & MAILMAN, P.C.


BY: _____
JOHN SOUMILAS, ESQUIRE
Attorney for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: January 31, 2005